28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy BROWN, a/k/a Son, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
William Arthur VAUGHN, a/k/a Wimpy, Defendant-Appellant.
 Nos. 93-5677, 93-5862.
 United States Court of Appeals, Fourth Circuit.
 Argued May 13, 1994.
Decided July 15, 1994.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-92-62-P)
 Argued James Ernest Gronquist, Charlotte, NC, for appellant Brown;
 George V. Laughrun, II, Goodman, Carr, Nixon, Laughrun & Levine, P.A., Charlotte, NC, for appellant Vaughn.
 Gretchen C. F. Shappert, Asst. U.S. Atty., Charlotte, NC, for appellee.
 On Brief Mark T. Calloway, U.S. Atty., Frank D. Whitney, Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation, and KNAPP, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, Leroy Brown and William A. Vaughn, were co-conspirators in a large scale drug operation in Charlotte, North Carolina between 1986 and 1990. Brown and Vaughn, along with eighteen other individuals, were indicted on June 4, 1992 for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Appellants pled guilty and were sentenced by the Honorable Robert D. Potter, United States District Court Judge for the Western District of North Carolina. Brown and Vaughn appeal several aspects of their respective sentences. Finding no merit in their assignments of error, we affirm.
 
 I.
 
 2
 At defendant Brown's sentencing hearing on July 15, 1993, Agent Roger Ives of the Criminal Investigation Division of the Internal Revenue Service testified as to the factual basis for defendant's guilty plea and sentencing. Based on his investigation as the case agent, including conversations with several cooperating co-conspirators, Agent Ives testified to the following facts: From early 1986 until April 1990, defendant Brown consistently obtained from one to six ounces of cocaine twice a week from the leaders of the conspiracy and distributed it out of a house in the Wilmore neighborhood in Charlotte, commonly referred to as the "Funderburke House," and an adjoining area referred to as the "Black Top." Additionally, Brown had two to three individuals distributing cocaine for him at various times during the conspiracy.
 
 
 3
 Based on Agent Ives' testimony, the court sentenced Brown to 324 months or 27 years' imprisonment, the lowest sentence within the guideline range for his offense level and category. The court also sentenced Brown to a mandatory five-year term of supervised release but declined to impose any fine on him.
 
 
 4
 At appellant Vaughn's sentencing hearing on September 27, 1993, the court, with Vaughn's consent, adopted the offense conduct section of his presentence report as the factual basis for his guilty plea and sentencing. That section of the presentence report asserted the following facts: Between 1988 and 1989, Vaughn worked as a "doorman" or "windowman" in one of the conspiracy's most notorious drug houses, commonly referred to as the "Big House." Vaughn worked the second shift and was responsible for screening potential clients before they would be admitted to the premises to buy drugs. Government evidence indicated that between fourteen ounces and one kilogram of cocaine per day were distributed from the "Big House."
 
 
 5
 Based on these stipulated facts, the court found that Vaughn's guideline range would have been 168 to 210 months. However, the court granted the government's downward departure motion and sentenced Vaughn to sixty months' imprisonment and five years' supervised release as well as a $1,000 fine.
 
 
 6
 Both defendants appeal their sentences.
 
 II.
 
 7
 Brown appeals on two grounds: First, he argues that in determining his base offense level, the court erred in finding that the amount of cocaine reasonably foreseeable to him exceeded fifty kilograms. Second, Brown asserts that the court erred in enhancing his base offense by three levels based on its finding that he was a manager or supervisor in the conspiracy. Defendant Brown's assignments of error concern the district court's factual findings underlying his sentence, and this court reviews such assignments for clear error. 18 U.S.C. Sec. 3742(e); United States v. Nelson, 6 F.3d 1049, 1055 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (1994); United States v. Williams, 986 F.2d 86, 90 (4th Cir.), cert. denied, 113 S.Ct. 3013 (1993).
 
 A.
 
 8
 Brown first argues that the amount of cocaine reasonably foreseeable to him was two kilograms and not in excess of fifty kilograms as the court found. This circuit requires the sentencing court to make specific findings "to determine the quantity of narcotics reasonably foreseeable to each coconspirator within the scope of his agreement." United States v. Irvin, 2 F.3d 72, 78 (4th Cir.1993), cert. denied sub nom., Gonzales v. United States, 114 S.Ct. 1086 (1994); see also U.S.S.G. Sec. 1B1.3.
 
 
 9
 At the sentencing hearing, Agent Ives testified, based on numerous "debriefings" with cooperating co-conspirators, that Brown consistently purchased from one to six ounces of cocaine twice a week for at least three and a half years. (J.A. 16.) Additionally, in response to a direct question by the court, Agent Ives testified that Brown could have reasonably foreseen in excess of fifty kilograms. (J.A. 19.) Based on this evidence, the sentencing court did not commit clear error in finding that the amount of cocaine reasonably foreseeable to Brown was in excess of fifty kilograms.
 
 B.
 
 10
 Brown's second basis for appealing his sentence is that the district court erred in enhancing his base offense by three levels pursuant to United States Sentencing Guidelines Sec. 3B1.1(b). This section provides that a defendant's base offense should be increased by three levels if he was a manager or supervisor in a criminal activity involving five or more participants. See also United States v. Chambers, 985 F.2d 1263, 1266 (4th Cir.), cert. denied, 114 S.Ct. 107 (1993). Brown does not contest the finding that the conspiracy involved more than five participants. Thus, he takes issue only with the court's finding that he was a manager or supervisor.
 
 
 11
 In finding that Brown was a manager or supervisor, the court relied upon the testimony of Agent Ives that Brown was the primary individual operating the Funderburke House and that he had several people selling drugs for him. (J.A. 23.) Because this evidence is sufficient to support a finding that Brown was a manager or supervisor, the court's finding was not clearly erroneous. See United States v. Paz, 927 F.2d 176, 180 (4th Cir.1991) (district court did not err in enhancing sentence of defendant as a manager based on evidence that he controlled drug products and residence where drug trafficking was performed). Thus the judgment in Brown's case must be affirmed.
 
 III.
 
 12
 Vaughn also appeals his sentence. His sole ground for appeal is that the district court erred in failing to reduce his base offense level pursuant to United States Sentencing GuidelinesSec. 3B1.2, which allows a reduction for a "minimal" or "minor" participant in the conspiracy. Because this determination is essentially a factual question, the court reviews it for clear error. 18 U.S.C.Sec. 3742(e); United States v. Gordon, 895 F.2d 932, 934 (4th Cir.), cert. denied, 498 U.S. 846 (1990); United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989).
 
 
 13
 Section 3B1.2 directs sentencing courts to reduce defendant's base offense by four levels if he was a "minimal" participant in the criminal activity, by two levels if he was a "minor" participant and by three levels if he falls between these two categories. The burden is on the defendant to prove by a preponderance of the evidence that he is entitled to a reduction based on his role in the offense. United States v. Campbell, 935 F.2d 39, 46 (4th Cir.), cert. denied, 112 S.Ct. 348 (1991). In determining whether to make an adjustment based on the defendant's role in the offense, the court must compare his acts against the relevant conduct for which he is held accountable and against the elements of the offense. Daughtrey, 874 F.2d at 216.
 
 
 14
 In the present case the court based its finding that Vaughn was not entitled to reduction for his role in the offense on the statements of Agent Ives and those in the presentence report, to which Vaughn stipulated. This evidence demonstrated that for approximately one year Vaughn was a doorman and a windowman in one of the conspiracy's primary drug houses, which distributed between fourteen ounces and one kilogram of cocaine per day. (J.A. 85.) The court found, based on the evidence presented in this case and in prior cases involving the same conspiracy and drug house, that Vaughn while working the door in this drug house would have been fully aware of the amount of cocaine being distributed. (J.A. 53-54); see Daughtrey, 874 F.2d at 216 (proper to consider previous cases in determining whether defendant is entitled to a role in the offense adjustment). Thus, the sentencing court concluded that Vaughn was not a minor or minimal participant in the conspiracy.
 
 
 15
 Because the evidence demonstrated that Vaughn was aware of and involved in the significant amounts of cocaine being distributed by the conspiracy, the sentencing court did not commit clear error in finding that Vaughn was not entitled to a reduction for his role in the offense.
 
 IV.
 
 16
 For these reasons, the sentences imposed by the district court on appellants Brown and Vaughn are
 
 
 17
 AFFIRMED.